Tammy Hussin (Bar No. 155290)
Lemberg & Associates LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff, Darin Stoytchev

FILED
CLERK, U.S. DISTRICT COURT
NOV 20 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CV12-09927 SH

| | |
|---|---|
| Darin Stoytchev, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| T-Mobile USA, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Darin Stoytchev, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

5. The Plaintiff, Darin Stoytchev (hereafter "Plaintiff"), is an adult individual residing in Santa Monica, California.

6. The Defendant, T-Mobile USA, Inc., (hereafter "T-Mobile" or "Defendants"), is a corporation with a principal place of business at 12920 Se 38th Street, Bellevue, Washington 98006.

7. Does 1-10 (the "Agents") are individual agents and/or employees employed by Defendants and whose identities are currently unknown to the Plaintiff.

One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

8. Defendants at all times acted by and through one or more of their Agents.

9. In or around August, 2012, Defendants began calling Plaintiff's cellular phone 2 to 3 times on a daily basis in an attempt to reach the person named "Rodney."

10. Defendants contacted Plaintiff's cellular telephone number, 310-663-0318, using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

11. Plaintiff has no prior business relationship with Defendants and never provided Defendants with his telephone number or contact information.

12. Plaintiff never requested to Defendants either by agreement or otherwise that he be contacted.

13. On several occasions, Plaintiff returned the calls to T-Mobile and informed T-Mobile that he did not know Rodney and that Rodney could not be reached at Plaintiff's phone number, and further instructed T-Mobile to remove his telephone number and cease all communications with him.

14. Despite Plaintiff's repeated requests to T-Mobile cease all calls to Plaintiff, T-Mobile continued to place Robocalls to Plaintiff's cellular telephone.

15. When Plaintiff did not answer the calls, Defendants left automated prerecorded messages on Plaintiff's voicemail.

3

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Without prior express consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. The foregoing acts and omissions of the Defendants constitute a violation of the Telephone Consumer Protection Act.

19. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq*.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Plaintiff is informed and believes and thereon alleges that the purpose of T-Mobile's calls to Plaintiff were in an attempt to collect a consumer debt.

22. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788, *et seq*. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

23. T-Mobile USA, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

24. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

25. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

26. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

27. The Defendants did not comply with the provisions of Title 15, Section 1692d(5) of the United States Code, in violation of Cal. Civ. Code § 1788.17.

28. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

32. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

33. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

34. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

36. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the named Defendants, jointly and severally:

    A. Statutory damages in an amount up to $1,500 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

B.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

C.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b); and

D.  Attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  November 14, 2012                TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Darin Stoytchev

7

Tammy Hussin
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Darin Stoytchev<br><br>PLAINTIFF(S)<br>v.<br><br>T-Mobile USA, Inc.; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CV12-09927 SH<br><br><br><br>SUMMONS |

TO:   DEFENDANT(S):   T-Mobile USA, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Tammy Hussin, of counsel Lemberg & Associates, whose address is 6404 Merlin Drive, Carlsbad, CA 92011. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

NOV 20 2012

Dated: _____

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)     SUMMONS