Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff, Darin Stoytchev

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Darin Stoytchev,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>T-Mobile USA, Inc.,<br><br>　　　　　　Defendant. | Case No.: 2:12-cv-09927-SH<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**<br>**47 U.S.C. § 227,** ***ET. SEQ.***<br><br>**JURY TRIAL DEMANDED** |

FIRST AMENDED COMPLAINT FOR DAMAGES

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff, Darin Stoytchev, by undersigned counsel, submits his First Amended Complaint as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Darin Stoytchev (hereafter "Plaintiff"), is an adult individual residing in Santa Monica, California. Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, T-Mobile USA, Inc., (hereafter "T-Mobile" or "Defendant"), is a corporation with a principal place of business at 12920 Se 38th Street, Bellevue, Washington 98006 and is a "person" as defined by 47 U.S.C. § 153(10).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In or around August 2012, Defendant began calling Plaintiff's cellular phone 2 to 3 times on a daily basis in an attempt to reach a person named "Rodney."

7. Defendant contacted Plaintiff's cellular telephone number, 310-663-0318, using an automated telephone dialer system and using an artificial or prerecorded voice.

8. Plaintiff has no prior business relationship with Defendant and never provided Defendant with his telephone number or contact information.

9. Plaintiff never requested to Defendant either by agreement or otherwise that he be contacted.

10. The calls to Plaintiff were not made for emergency purposes.

11. T-Mobile is not a tax exempt charitable organization.

12. On several occasions, Plaintiff returned the calls to T-Mobile and informed T-Mobile that he did not know Rodney and that Rodney could not be reached at Plaintiff's phone number, and further instructed T-Mobile to remove his telephone number and cease all communications with him.

13. Despite Plaintiff's repeated requests to T-Mobile cease all calls to Plaintiff and knowing that the person it was trying to reach could not be reached on Plaintiff's telephone number, T-Mobile continued to place calls to Plaintiff's cellular telephone.

14. When Plaintiff did not answer the calls, Defendant left automated prerecorded messages on Plaintiff's voicemail.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET. SEQ.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Without prior express consent the Defendant contacted the Plaintiff by using an automated telephone dialing system and using prerecorded messages on his cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

17. The foregoing acts and omissions of the Defendant constitute negligent and/or willful and knowing violations of the Telephone Consumer Protection Act.

18. The Plaintiff is entitled to damages as a result of the Defendant' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the named Defendant, jointly and severally:

    A. Statutory damages of $500.00 for each and every call in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Statutory damages of $1,500.00 for each and every call made in knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 14, 2013                    TAMMY HUSSIN

By: /s/ *Tammy Hussin*
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Darin Stoytchev